UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGINA LOGAN,

                Plaintiff,          CIVIL ACTION NO. 12-cv-12749

     vs.

                                DISTRICT JUDGE JULIAN ABELE COOK, JR.

COMMISSIONER OF          MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Eugina Logan seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to social security benefits for her disabilities under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Remand (docket no. 14). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

## I.    RECOMMENDATION:

This Court recommends that Plaintiff's Motion for Summary Judgment (docket no. 10) be GRANTED IN PART and DENIED IN PART, that Defendant's Motion for Remand (docket no. 14) be GRANTED, and that this matter be remanded for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

## II.    PROCEDURAL HISTORY:

Plaintiff filed an application for Supplemental Social Security Income with a protective filing date of April 20, 2009, alleging that he had been disabled since February 1, 2009, due to back pain and mental illness.  (*See* TR 51.)  The Social Security Administration denied benefits.  (*See* TR 49.)  Plaintiff requested a *de novo* hearing, which was held on June 3, 2010, before Administrative Law Judge (ALJ) Theodore W. Grippo, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing her past relevant work as a machine operator.  (TR 49-60.)  The Appeals Council declined to review the ALJ's decision (TR 16), and Plaintiff commenced this action for judicial review.

### III.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 20, 2009, and that she suffered from severe affective disorder, psychotic disorder, anxiety disorder, and polysubstance abuse disorder, in remission.  (TR 51.)  The ALJ also found, however, that Plaintiff's back problems, which had been diagnosed as lumbrosacral myositis, "d[id] not impose more than minimal functional limitations on [Plaintiff's] ability to perform basic work activities;" thus, her back problems were not "severe."  (TR 51-52.)  The ALJ further found that Plaintiff's impairments did not meet or equal any of those listed in the Listing of Impairments.  (TR 52-54.)  The ALJ found that Plaintiff's allegations regarding the extent of her symptoms were partially credible (TR 56) and ultimately found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, but Plaintiff was limited to performing simple, unskilled work.  (TR 54.)  The ALJ then determined that Plaintiff was capable of performing her past relevant work as a machine operator.  (TR 59.)  Therefore, Plaintiff had not been disabled since the filing of her application on April 20, 2009.  (TR 59-60.)

### IV.    LAW AND ANALYSIS

2

## A.        Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

## B.        Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

3

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

###     C.     Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the

4

pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of

the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where

there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a

sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at

*8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff argues that this matter should be reversed or remanded under sentence four because

the ALJ improperly found that Plaintiff's back problems did not constitute a severe impairment

(which Plaintiff argues tainted the rest of the ALJ's analysis) and because the ALJ's RFC assessment

(and his hypothetical to the Vocational Expert) did not fully reflect the limitations imposed by

Plaintiff's mental impairments. (*See* docket no. 10.) Defendant agrees and asks the Court to remand

this matter so that the ALJ can "offer Plaintiff the opportunity for a new hearing; update the medical

record concerning Plaintiff's physical and mental impairments; fully address all medical source

opinions of record and provide good reason for the weight given to such opinions; evaluate

Plaintiff's residual functional capacity; if necessary, obtain vocational expert testimony; and, issue

a new decision." (Docket no. 14.)

Having reviewed the parties' filings in this matter as well as the ALJ's decision and the

remainder of the transcript, the Court agrees that remand is warranted. When determining that

Plaintiff's back problems were not severe, the ALJ entirely dismissed the opinions of Dr. Dawit

Teklehaimanot, D.O. (Plaintiff's treating physician), and Dr. S.B. Tam, D.O. (Plaintiff's consultative

examiner). (*See* TR 51-52.) The ALJ found that neither of the doctors' opinions were supported

by objective evidence and that Dr. Tam's opinion was made "after one clinical examination" and

that his "finding of disability is reserved to the Commissioner." (*Id.*)

On multiple occasions, the Sixth Circuit has held that an impairment is only considered non-severe if it is so slight that it could not result in a finding of disability regardless of a claimant's vocational abilities. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Salmi v. Secretary of H.H.S.*, 774 F.2d 685, 691-692 (6th Cir. 1985); *Farris v. Secretary of H.H.S.*, 773 F.2d 85, 89-90 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 971-972 (6th Cir. 1985). As Plaintiff notes, Step 2 of the framework "has been described as a 'de minimus hurdle,' . . . 'allowing the Secretary to screen out totally groundless claims.'" (Docket no. 10 at 9 (citations omitted).) An ALJ should only find that an impairment is not "severe" when the impairment "has no more than a minimal effect on the ability to do basic work activities." SSR-9603p.

Dr. Teklehaimanot saw Plaintiff for nearly two years regarding his back problems, and he diagnosed Plaintiff with chronic back pain, degenerative disc disease, and lumbar radiculopathy. (TR 299.) Dr. Tam's findings were consistent with Dr. Teklehaimanot's diagnosis. (TR 356.) The ALJ acknowledged that Dr. Tam found Plaintiff's back problems to constitute a moderate impairment. (TR 52.) And while the ALJ was not required to give either of the doctors' findings controlling weight, the ALJ did not cite to a single clinician who found that Plaintiff had any less than a moderate impairment, which conflicts with the ALJ's finding that Plaintiff's back problems cause "no more than a minimal effect."

As Plaintiff argues, the ALJ's failure to properly support his conclusion at Step 2 taints the remainder of the ALJ's decision. A finding that Plaintiff's back problems were not severe caused the ALJ to also find that she had the residual functional capacity to perform a full range of work at

all exertion levels.  Therefore, the Court recommends remanding this matter for a new hearing and

a new decision under 42 U.S.C. § 405(g).[1]

## V.      CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 10)

should be GRANTED IN PART and DENIED IN PART, Defendant's Motion for Remand (docket

no. 14) should be GRANTED, and that this matter should be remanded for further consideration

pursuant to sentence four of 42 U.S.C. § 405(g).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and

Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for

in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections

constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard

v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and

Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to

Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of

Michigan*, a copy of any objection must be served upon this Magistrate Judge.

---

[1]In making this recommendation, the Court has not ignored Plaintiff's request for reversal
and an award of benefits.  While the Court agrees with the Parties that the ALJ did not properly
evaluate Plaintiff's impairments or properly support his conclusions with regard to the medical
opinions of record, the ALJ may do so on remand the still find that Plaintiff is not disabled under
the Act.  The Court cannot determine that such a decision is improper until the ALJ provides his
rationale.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: July 8, 2013                   s/ Mona K. Majzoub                              
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 8, 2013                   s/ Lisa C. Bartlett                    
                                      Case Manager